**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MATTHEW CALEB SAWYER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-482** |
| **KECIA CHARLES, ET AL.** | **SECTION "O"** |

## ORDER AND REASONS

Before the Court is the motion[1] of Defendant Warden Alvin Robinson for summary judgment dismissing *pro se* Plaintiff Matthew Caleb Sawyer's 42 U.S.C. § 1983 retaliation claim—the only claim left in this lawsuit. Sawyer submits that Warden Robinson failed to stop a third party from transferring Sawyer to another prison in retaliation for Sawyer's prison-grievance filing. But in response to Warden Robinson's properly supported summary-judgment motion, Sawyer failed to present evidence from which a reasonable jury could infer the existence of the retaliatory-intent, causation, and retaliatory-adverse-act elements of Sawyer's Section 1983 retaliation claim. Sawyer has therefore failed to show a genuine dispute of material fact on at least three independent grounds. For these independent reasons and for those that follow, Warden Robinson's motion for summary judgment is **GRANTED**.

[1] ECF No. 72.

## I. BACKGROUND

This is a prisoner-civil-rights suit. It arises from prisoner Matthew Caleb Sawyer's claim that Nelson Coleman Correctional Center Warden Alvin Robinson unlawfully retaliated against Sawyer when Warden Robinson failed to stop a third party—the Louisiana Department of Public Safety and Corrections—from transferring Sawyer to a prison supposedly ill-suited to treat Sawyer's medical needs.

Sawyer is a prisoner in the custody of the Louisiana Department of Public Safety and Corrections.[2] He was housed at Nelson Coleman Correctional Center under the supervision of Warden Robinson until February 2021.[3] While there, Sawyer submitted a November 2020 grievance complaining that prison medical staff failed to tell him that he had tested positive for Hepatitis C several years earlier.[4] He appealed the prison's first and second responses to that grievance in early January 2021.[5]

Before Sawyer's grievance was resolved, however, the Louisiana Department of Public Safety and Corrections issued a January 29 notice listing Sawyer among the 21 prisoners the Department would be transferring to another prison—a minimum-security facility known as "LA Workforce"—on February 2.[6] Warden Robinson did not read that notice and thus did not know the Department would be transferring Sawyer (or any other Nelson Coleman prisoner) to LA Workforce on February 2.[7]

---

[2] ECF No. 72-5 at ¶ 1.
[3] *Id.* at ¶ 2.
[4] ECF No. 22-18 at 1.
[5] *Id.* at 2.
[6] ECF No. 22-14 at 1.
[7] ECF No. 72-2 at 4 (responses to interrogatories 1 & 2)

Sawyer's transfer went as scheduled on February 2. Before that transfer, Sawyer never spoke to Warden Robinson.[8] The only apparent interaction between the two men came in February 1 correspondence about Sawyer's grievance; Warden Robinson wrote Sawyer that "[y]our grievance will be submitted to Medical for a follow-up review of your request," and Sawyer acknowledged the message.[9] Although Warden Robinson's February 1 message appears towards the end of a message chain that includes Sawyer's original November 2020 grievance,[10] Warden Robinson did not know about Sawyer's medical condition because Warden Robinson "does not individually review HIPPA protected information of inmates."[11]

Displeased with both the transfer and the medical care he received at Nelson Coleman, Sawyer sued Warden Robinson and others under Section 1983.[12] After various preliminaries, another section of this Court dismissed under Rule 12(b)(6) all but one of Sawyer's claims, leaving only a Section 1983 retaliation claim against Warden Robinson.[13] The thrust of this claim is that Warden Robinson allegedly failed to stop the Louisiana Department of Public Safety and Corrections from transferring Sawyer to LA Workforce in retaliation for Sawyer's grievance filing.[14] By Sawyer's lights, that transfer to LA Workforce amounts to retaliation because LA Workforce is a "minimal facility" that "was unable to provide for [Sawyer's] health concerns."[15]

---

[8] ECF No. 72-4 at 2 (response to request for admission 4).
[9] ECF No. 22-18 at 3.
[10] *Id.* at 1–2 (original grievance) & 3 (Warden Robinson's message).
[11] ECF No. 72-2 at 7 (answer to interrogatory 8).
[12] ECF Nos. 3 (original complaint) & 32 (amended complaint).
[13] ECF No. 54 at 26–27.
[14] ECF No. 32 at 15–17 ¶¶ 14–21.
[15] *Id.* at 15 ¶ 14.

Now, Warden Robinson moves for summary judgment dismissing Sawyer's Section 1983 retaliation claim.[16] Sawyer failed to file a timely response.[17] Warden Robinson's motion was noticed for submission on January 26, 2024. ECF No. 72. Sawyer's response was due on January 16. *See* LOCAL CIVIL RULE 7.5. When Sawyer failed to file a response by then, the Court granted him more time—until February 16—to respond.[18] In its order, the Court specifically "caution[ed] [Sawyer] that, if he fails to file an opposition by February 16, he will forfeit his right to have the Court consider any arguments he may wish to raise in opposition to the motion."[19]

Sawyer failed to file an opposition by his extended deadline of February 16, and his "*pro se* status d[oes] not excuse him from following the local rules." *Thorn v. RaceTrac Petroleum, Inc.*, No. 21-30492, 2022 WL 965095, at *1 (5th Cir. Mar. 30, 2022) (per curiam) (citing *Hulsey v. Tex.*, 929 F.2d 168, 171 (5th Cir. 1991)). Although the Court may not grant Warden Robinson's motion "simply because there is no opposition," *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d

---

[16] ECF No. 72.

[17] It was incumbent upon Sawyer to notify the Court of a change of address. *See* LOCAL CIVIL RULE 41.3.1 (empowering the Court to dismiss an action for failure to prosecute if a *pro se* litigant fails to timely notify the Court of a change of address); LOCAL CIVIL RULE 11.1 (explaining that "[e]ach attorney and *pro se* litigant has a continuing obligation promptly to notify the court of any address or telephone number change"). Sawyer last notified the Court that his address changed in April 2023, when he was transferred to the Morehouse Parish Detention Center. ECF No. 68 at 1. In early February 2024, however, two docket entries mailed to Sawyer's last reported address—an order cancelling a status conference, ECF No. 74, and a docket-entry-correction notice, ECF No. 73—were returned to the Clerk's Office as "undeliverable." *See* ECF Nos. 75 & 77. After those mailings were returned, the Clerk's Office undertook its own research to try to determine Sawyer's current address; it concluded that Sawyer might now be housed at Avoyelles Correctional Center. Accordingly, in an abundance of caution, the Clerk's Office re-mailed both the motion for summary judgment—which has not been returned as undeliverable—and the order extending Sawyer's response deadline to Sawyer at Avoyelles Correctional Center. Sawyer nonetheless failed to file a summary-judgment response.

[18] ECF No. 76 at 1.

[19] *Id.*

1277, 1279 (5th Cir. 1985), the Court may "accept[] as undisputed the facts so listed in support of the motion," *Eversley v. MBank Dall.*, 843 F.2d 172, 173–74 (5th Cir. 1988); *accord White v. Coffield Med. Staff,* No. 21-40211, 2022 WL 1056103, at *2 (5th Cir. Apr. 8, 2022) (per curiam) ("Where, as here, a plaintiff does not file an opposition to a defendant's motion for summary judgment, a district court may properly take the facts put forward by defendant in support of his motion for summary judgment to be undisputed."); *see also* FED. R. CIV. P. 56(e)(3) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it").

Accordingly, because Sawyer failed to file a timely response, the Court (1) "accept[s] as undisputed the facts so listed in support of [Warden Robinson's] motion for summary judgment," *Eversley*, 843 F.2d at 174, and (2) asks whether Warden Robinson's undisputed facts establish his entitlement to summary judgment.

## II. LEGAL STANDARD[20]

Summary judgment is appropriate "if the movant shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute is genuine if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Perry v. VHS San*

[20] "A good-faith assertion of qualified immunity alters the usual summary judgment burden of proof, shifting it to the plaintiff to show that the defense is not available." *Scott v. City of Mandeville*, 69 F.4th 249, 255 (5th Cir. 2023) (quotation omitted). Because Warden Robinson has not asserted qualified immunity anywhere in his summary-judgment motion or his summary-judgment briefing, ECF Nos. 72–72-6, the Court applies "the usual summary judgment burden of proof." *Id.*

*Antonio Partners, L.L.C.*, 990 F.3d 918, 926 (5th Cir. 2021) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A fact is material if it 'might affect the outcome of the suit.'" *Id.* (quoting *Anderson*, 477 U.S. at 248).

"In reviewing the record, 'the [C]ourt must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence.'" *Vote.Org v. Callanen*, 89 F.4th 459, 469 (5th Cir. 2023) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)). The Court "resolve[s] factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)).

"[W]here the nonmovant bears the burden of proof at trial," as Sawyer does here, "the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *In re La. Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017) (quoting *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994)) (internal quotation marks omitted). "If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate." *Guillot ex rel T.A.G. v. Russell*, 59 F.4th 743, 750 (5th Cir. 2023) (quoting *Cutting Underwater Techs. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012)) (internal quotation marks omitted).

"There can be no genuine dispute as to a material fact where a party fails 'to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* (quoting *Celotex*, 477 U.S. at 322) (internal quotation marks omitted).

"Speculative theories cannot defeat a motion for summary judgment." *Id.* (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)). Nor can the nonmovant "defeat summary judgment with 'conclus[ory] allegations, unsupported assertions, or presentation of only a scintilla of evidence.'" *Flowers v. Wal-Mart Inc.*, 79 F.4th 449, 452 (5th Cir. 2023) (quoting *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012)). "Instead, the nonmovant must go beyond the pleadings and designate specific facts that prove that a genuine issue of material fact exists." *Id.* (citing *Little*, 73 F.3d at 1075). The Court "is free to grant summary judgment on the basis of any facts shown by competent evidence in the record." *Liberty Mut. Fire Ins. Co. v. Copart of Conn., Inc.*, 75 F.4th 522, 533 (5th Cir. 2023) (quoting *United States v. Hous. Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994)) (internal quotation marks omitted).

## III. ANALYSIS

Warden Robinson contends that he is entitled to summary judgment dismissing Sawyer's Section 1983 retaliation claim because Sawyer lacks competent summary-judgment evidence to support at least three elements of the claim. The Court agrees. Warden Robinson carried his initial summary-judgment burden by "point[ing] to an absence of evidence" supporting Sawyer's retaliation claim; the burden thus shifted to Sawyer to "show by competent summary-judgment proof that there is an issue of material fact warranting trial." *In re La. Crawfish Producers*, 852 F.3d at 462. Sawyer failed to carry that burden because he failed to present evidence from which a reasonable jury could infer the intent, causation, and retaliatory-adverse-act elements of Sawyer's Section 1983 retaliation claim. Warden Robinson is therefore entitled to summary judgment on at least three independent grounds.

"'Prison officials may not retaliate against prisoners for exercising their constitutional rights,' including their 'First Amendment right to file grievances.'" *Petzold v. Rostollan*, 946 F.3d 242, 252 (5th Cir. 2019) (quoting *Butts v. Martin*, 877 F.3d 571, 578 (5th Cir. 2017)). "But to succeed on a retaliation claim, the prisoner must overcome a 'significant burden.'" *Id.* (quoting *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995)). "Mere conclusionary allegations of retaliation will not withstand a summary judgment challenge." *Woods*, 60 F.3d at 1166. A prisoner must "prove that (1) he or she exercised a constitutional right to which (2) the official *intended* to retaliate against, and (3) the prisoner's constitutional exercise *caused* (4)

the official to commit a retaliatory act that was more than *de minimis*." *Petzold*, 946 F.3d at 252 (citing *Butts*, 877 F.3d at 588). The Court takes each element in turn.

### A. Element One—Exercise of a Constitutional Right

The first element of Sawyer's Section 1983 retaliation claim is met. That element requires only that Sawyer "exercised a constitutional right." *Id.* He did. A prisoner like Sawyer has a First Amendment right to file a grievance. *See Brown v. Taylor*, 911 F.3d 235, 246 (5th Cir. 2018). And Sawyer "undeniably exercised his First Amendment right to file grievances," *Petzold*, 946 F.3d at 252, when Sawyer submitted the November 2020 grievance complaining that prison medical staff had failed to tell him that he had tested positive for Hepatitis C several years earlier.[21]

### B. Element Two—Retaliatory Intent

Sawyer failed, however, to present evidence sufficient to support the retaliatory-intent element of his Section 1983 retaliation claim. To satisfy that second element on summary judgment here, Sawyer had to present evidence that, viewed in Sawyer's favor, would allow a reasonable jury to find that Warden Robinson intended to retaliate against Sawyer for Sawyer's exercise of his First Amendment right to file a grievance. *See Alexander v. Tex. Dep't of Crim. Just.*, 951 F.3d 236, 241 (5th Cir. 2020) (per curiam). To do that, Sawyer "'must produce direct evidence of motivation' or 'allege a chronology of events from which retaliation may plausibly be inferred.'" *DeMarco v. Davis*, 914 F.3d 383, 388 (5th Cir. 2019) (quoting *Woods*, 60 F.3d at 1166).

[21] ECF No. 22-18 at 1.

Sawyer did neither. First, the undisputed summary-judgment record reveals no direct evidence of retaliatory intent. Specifically, there is no direct evidence in this undisputed summary-judgment record that would allow a reasonable jury to find that Warden Robinson failed to stop Sawyer's transfer from Nelson Coleman to LA Workforce in retaliation for Sawyer's grievance filing. The undisputed summary-judgment record instead refutes any such finding: Warden Robinson did not even know that the Louisiana Department of Public Safety and Corrections had selected Sawyer (or any other Nelson Coleman prisoner) for transfer to LA Workforce on February 2.[22] Nor did Warden Robinson know about Sawyer's medical condition that (Sawyer says) made the transfer inappropriate for him and thus retaliatory.[23]

Second, and similarly, Sawyer failed to present a chronology of events from which a reasonable jury could infer that Warden Robinson intended to retaliate against him for his grievance filing. Viewing the chronology of relevant events in Sawyer's favor, (1) Sawyer filed a November 2020 grievance complaining about an unidentified member of Nelson Coleman medical staff's alleged failure to tell him that he had tested positive for Hepatitis C test several years earlier; and (2) without Warden Robinson's knowledge, the Louisiana Department of Public Safety and Corrections—not Warden Robinson nor anyone affiliated with Nelson Coleman—transferred Sawyer to LA Workforce in early February 2021. The only apparent support for Sawyer's claim of retaliatory intent is that Warden Robinson failed to stop a third-party-initiated transfer that took place a few months after Sawyer filed his

---

[22] ECF No. 72-2 at 4 (response to interrogatory 1) & 4–5 (response to interrogatory 2).
[23] *Id.* at 7 (response to interrogatory 8).

grievance. But that "two-point chronology" does not allow a reasonable inference of retaliation. *McClure v. Turner*, 481 F. App'x 167, 172 (5th Cir. 2012) (per curiam).

Ultimately, the "conclusional assertion" that Warden Robinson retaliated against Sawyer by failing to stop a Louisiana Department of Public Safety and Corrections-initiated transfer Warden Robinson did not know about to worsen a medical condition Warden Robinson also did not know about "is insufficient to carry [Sawyer's] burden." *Allen v. Jones*, 458 F. App'x 408, 410 (5th Cir. 2012) (per curiam) (citing *Woods*, 60 F.3d at 1166); *see also id.* at 409–10 (affirming summary judgment dismissing retaliatory-transfer claim because prisoner offered only the "conclusional assertion" that warden transferred him as retaliation for filing a lawsuit).

Accordingly, because Sawyer has failed "to make a showing sufficient to establish the existence" of the retaliatory-intent element of his Section 1983 retaliation claim—"an element essential to [Sawyer's] case[] and on which [Sawyer] will bear the burden of proof at trial"—there is no genuine dispute as to any material fact. *Guillot ex rel T.A.G.*, 59 F.4th at 750 (quoting *Celotex*, 477 U.S. at 322). Warden Robinson is therefore entitled to summary judgment on this ground alone. *See id.*

**C. Element Three—Causation**

Even if Sawyer had presented evidence sufficient to satisfy the retaliatory-intent element of his claim, however, Warden Robinson would still be entitled to summary judgment because Sawyer failed to establish the causation element.

Causation in this context "requires a showing that 'but for the retaliatory motive[,] the complained of incident . . . would not have occurred." *DeMarco*, 914 F.3d

at 388 (quoting *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998)). To satisfy that standard on summary judgment here, Sawyer had to present evidence from which a reasonable jury could infer that Warden Robinson would have stopped Sawyer's transfer from Nelson Coleman to LA Workforce but for Warden Robinson's desire to retaliate against Sawyer for Sawyer's prison-grievance filing. *See id.*

Sawyer presented no such evidence. There is no evidence in the summary-judgment record that would allow a reasonable jury to infer that Warden Robinson *could* have stopped Sawyer's transfer—a transfer the undisputed summary-judgment record reflects that (1) the Louisiana Department of Public Safety and Corrections initiated,[24] and (2) Warden Robinson did not even know about.[25] Nor is there any evidence in the summary-judgment record that would allow a reasonable jury to find that, even if Warden Robinson *could* have stopped Sawyer's transfer, Warden Robinson *would* have stopped the transfer but for his alleged retaliatory motive.

Accordingly, because Sawyer failed "to make a showing sufficient to establish the existence" of the causation element, there is no genuine dispute as to any material fact. *Guillot ex rel T.A.G.*, 59 F.4th at 750 (quoting *Celotex*, 477 U.S. at 322). Warden Robinson is entitled to summary judgment on this independent ground. *See id.*

---

[24] ECF No. 72-5 at ¶ 2.

[25] ECF No. 72-2 at 4 (response to interrogatory 1) & 4–5 (response to interrogatory 2).

### D. Element Four—Retaliatory Adverse Act

Even if Sawyer had presented evidence sufficient to establish the retaliatory-intent and causation elements, however, Warden Robinson would still be entitled to summary judgment because Sawyer failed to establish a retaliatory adverse act.

The retaliatory-adverse-act element of a Section 1983 retaliation claim requires the plaintiff to show that the defendant "commit[ed] a retaliatory act" against him "that was more than *de minimis*." *Petzold*, 946 F.3d at 252 (citing *Butts*, 877 F.3d at 588). To satisfy this element on summary judgment here, Sawyer had to present evidence from which a reasonable jury could infer that Warden Robinson committed a retaliatory act against Sawyer that was more than *de minimis*.

Sawyer presented no such evidence. There is no evidence in the summary-judgment record that would allow a reasonable jury to infer that Warden Robinson took any action against Sawyer that could properly be characterized as retaliatory. It is undisputed that Warden Robinson did not initiate Sawyer's transfer from Nelson Coleman to LA Workforce; the Louisiana Department of Public Safety and Corrections did.[26] True, Sawyer speculates that Warden Robinson failed to intervene in that Department-initiated transfer in retaliation for Sawyer's grievance filing. But the undisputed summary-judgment record refutes the notion that this supposed failure to intervene could itself constitute a retaliatory adverse act. After all, Warden Robinson did not even know that the Louisiana Department of Public Safety and Corrections had selected Sawyer (or any other Nelson Coleman prisoner) for transfer

---

[26] ECF No. 72-5 at ¶ 2.

to LA Workforce on February 2.[27] Nor did Warden Robinson know about Sawyer's medical condition that (Sawyer says) made the transfer inappropriate for him.[28]

Accordingly, because Sawyer failed "to make a showing sufficient to establish the existence" of the retaliatory-adverse-act element of his Section 1983 retaliation claim, there is no genuine dispute as to any material fact. *Guillot ex rel T.A.G.*, 59 F.4th at 750 (quoting *Celotex*, 477 U.S. at 322). Warden Robinson is therefore entitled to summary judgment on this third independent ground. *See id.*

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Warden Robinson's motion for summary judgment dismissing Sawyer's Section 1983 retaliation claim is **GRANTED**. Sawyer's Section 1983 retaliation claim against Warden Robinson is dismissed with prejudice. Because this order and reasons results in the denial of all relief to Sawyer, a final judgment will follow in accordance with Federal Rule of Civil Procedure 58.

New Orleans, Louisiana, this 1st day of March, 2024.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

[27] ECF No. 72-2 at 4 (response to interrogatory 1) & 4–5 (response to interrogatory 2).
[28] *Id.* at 7 (response to interrogatory 8).